*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 16-4977-GHK (PLAx) | Date | September 1, 2016 |
|---|---|---|---|
| Title | *Yvonne Apelian v. Allstate Insurance Company, et al.* | | |

**Presiding: The Honorable**     **GEORGE H. KING, U.S. DISTRICT JUDGE**

| Paul Songco | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**     **(In Chambers) Order re:** Motion to Remand [Dkt. 8]

       This matter is before us on the above-captioned Motion. [Dkt. 8.] We have considered the papers filed in support of and in opposition to this Motion and deem it appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

## I.    Background

       On April 12, 2016, Plaintiff Yvonne Apelian ("Plaintiff") filed this action in Los Angeles Superior Court against Defendant Allstate Insurance Company ("Defendant"). [Dkt. 1 ("NOR"), Ex. A.] The Complaint sets forth a claim for breach of the implied covenant of good faith and fair dealing based on Defendant's allegedly improper actions in settling an automobile insurance policy dispute with Plaintiff. The underlying insurance dispute centered on an amount allegedly owed to Plaintiff under the uninsured motorist provision of her policy after Plaintiff was struck by a driver who only paid $15,000 for her bodily injuries which was, according to Plaintiff, well below the monetary total of her injuries. (*Id.* ¶¶ 7-10.) Plaintiff sought to recover $240,000 from Defendant for her injuries under the uninsured motorist provision of her policy. (*Id.* ¶ 12.) The Parties eventually arbitrated, mediated, and settled the matter for $220,000. (*Id.*) Plaintiff now brings a claim for breach of the implied covenant of good faith and fair dealing for Defendant's alleged misconduct in the underlying litigation.

       On June 28, 2016, Plaintiff filed an "Offer to Compromise" in the state court action, offering to settle the case for $660,000. (*Id.*, Ex. D.) Based on this offer to compromise, Defendant removed this action on July 7, 2016. [*See* Dkt. 1.] On August 5, 2016, Plaintiff filed the present Motion to Remand, [Dkt. 8], arguing that remand is necessary because Defendant failed to timely remove the action.

## II.    Legal Standard

       The timing of removal is governed by 28 U.S.C. § 1446. "[I]f the case stated by the initial pleading is removable on its face," then a defendant has thirty days from receipt of the pleading to

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4977-GHK (PLAx) | Date | September 1, 2016 |
|---|---|---|---|
| Title | *Yvonne Apelian v. Allstate Insurance Company, et al.* | | |

remove the case. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (internal quotation marks omitted). However, "if the initial pleading does not indicate that the case is removable," the thirty-day removal period does not begin until the defendant receives "'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting 28 U.S.C. § 1446(b)).

**III.     Analysis**

Plaintiff asserts that Defendant had "a sufficient basis to bring removal . . . based on disclosures provided on the face of the [C]omplaint filed on April 12, 2016 and served on April 27, 2016." (Mot. at 7.) Because Defendant did not remove until July 7, 2016, Plaintiff contends that removal is untimely. (*Id.*) Defendant counters that removal was not apparent on the face of the Complaint because the Complaint "only alleged bad faith delays damages, [] an unspecified amount of attorney's fees, emotional distress damages[,] and punitive damages." (Opp'n at 3.) Defendant also notes that it served a "Request for a Statement of Damages" on Plaintiff on June 20, 2016, but that Plaintiff refused to respond to the request. (*Id.* at 4.) According to Defendant, the first "other paper" that it received indicating that the amount in controversy was more than $75,000 was the Offer to Compromise, in which Plaintiff offered to settle the case for $660,000. (*Id.* at 10.) Because Defendant removed within thirty days of this filing, it argues that removal was timely.

"To avoid saddling defendants with the burden of investigating jurisdictional facts, . . . 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005)). But, while "defendants need not make extrapolations or engage in guesswork," they must "apply a reasonable amount of intelligence in ascertaining removability." *Id.* at 1140 (concluding that "[m]ultiplying figures clearly stated in a complaint is an aspect of that duty"). Defendants are not charged "with notice of removability until they've received a paper that gives them enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

The Complaint requests the following damages: (1) "[g]eneral damages according to proof"; (2) "[s]pecial damages according to proof"; (3) attorney's fees; (4) prejudgment interest; (5) punitive damages; (6) costs; and (7) other such relief as the court deems just and proper. (NOR, Ex. A, Prayer.) The Complaint does not, however, request a specific amount under any of these categories.

Even using a reasonable amount of intelligence, however, it is not clear from the Complaint that the claimed damages are greater than $75,000. Plaintiff claims she suffered general damages "for emotional distress including, but not limited to, sleeplessness, worry[,] and anxiety due to the manner in which Defendants handled her claim for benefits." (*Id.* ¶ 16.a.) Such damages are inherently speculative and evade any reasonable calculation as stated in the Complaint. Regarding special damages, Plaintiff claims "litigation costs and attorney's fees incurred by being forced by Defendants' conduct to undergo the protracted discovery, mediation and arbitration preparation process in order to

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-4977-GHK (PLAx) | Date | September 1, 2016 |
|---|---|---|---|
| Title | *Yvonne Apelian v. Allstate Insurance Company, et al.* | | |

obtain policy benefits" to which she was entitled.  (*Id.* ¶ 16.b.)  This again is extremely speculative.  Requiring Defendant to assign a dollar value to such damages would require Defendant to calculate the difference between such fees and costs actually incurred by Plaintiff in the underlying litigation and the fees and costs that would have been incurred had Defendant not committed the alleged misconduct.  Such a figure is indefinite and not readily apparent from the face of the Complaint.  Plaintiff's other requests for attorney's fees, prejudgment interest, punitive damages, and costs are inherently uncertain categories of damages, and their precise dollar values are not clear from the face of the Complaint.

In sum, the amount in controversy is not readily ascertainable from the face of the Complaint.  Accordingly, the thirty-day removal period began to run when Defendant received other papers—the Offer to Compromise—that showed the case was removable.  As Defendant removed the action within thirty days of receiving the Offer to Compromise, removal was timely.

Plaintiff notes that the Complaint "made it clear that the Plaintiff sustained several hundred thousand dollars in medical bills."  (Mot. at 7.)  To the extent that Plaintiff argues that the amount in controversy was ascertainable from the face of the Complaint in light of Plaintiff's medical bills in the underlying action, we reject this argument.  Although the medical bills were at issue in the underlying action, they are not damages that are traceable to the wrongdoing in this action.  In other words, Defendant's alleged misconduct in the underlying action did not cause Plaintiff's medical injuries in the underlying action, and thus are not properly included as damages in the present action.

Plaintiff also notes that Defendant stated in the NOR that emotional damages, attorney's fees, and punitive damages "should [] be included in determining whether the amount in controversy requirement has been met."  (*See* NOR ¶ 18.)  Though true, it does not change the fact that all these categories of damages are not ascertainable from the face of the Complaint.

### IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion is **DENIED**.  The hearing set for Monday, September 12, 2016 at 9:30 a.m. is hereby **VACATED** and **TAKEN OFF CALENDAR**.  The Scheduling Conference set for Monday, September 12, 2016 at 1:30 p.m. shall stand.

**IT IS SO ORDERED.**

                                                                                                                                                         :

                                      Initials of Deputy Clerk                PS