SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
  pklee@sheppardmullin.com
SUZANNE Y. BADAWI, Cal. Bar No. 194692
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email: sbadawi@sheppardmullin.com

Attorneys for Defendant Allstate Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| YVONNE APELIAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY; an Illinois corporation; DOES 1-50,<br><br>Defendants. | Case No. 2:16-cv-04977-GHK-PLA<br><br>Assigned to the Hon. George H. King<br><br>**RESPONSE TO OSC WHY ALLSTATE'S COUNSEL AND ALLSTATE SHOULD NOT BE SANCTIONED IN THE AMOUNT OF $1,000 IN CONNECTION WITH THE SEPTEMBER 30, 2016 EARLY SETTLEMENT CONFERENCE**<br><br>[Complaint filed April 12, 2016] |

On September 30, 2016, at the early settlement conference, the Honorable Jay C. Gandhi, U.S. Magistrate Judge ("the Court"), set an OSC to be heard on November 3, 2016, re why Allstate and its counsel (collectively "Allstate") should not be sanctioned $1,000 in connection with the September 30, 2016 early settlement conference. (Reporter's Transcript ["RT"] 29:1 – 33:24 (copy attached as Exhibit A to Badawi decl.).) Because the Court did not issue a written order, Allstate relies on the Recorder's Transcript. (See Docket No. 21.) Allstate and its counsel submit this Response to the OSC.

## I. INTRODUCTION

Allstate respectfully requests that Allstate and its counsel not be sanctioned in the amount of $1,000 for the following reasons.

First, Allstate and its counsel cannot be sanctioned for coming to the settlement conference with an offer only for a waiver of costs, and not moving from that offer at the settlement conference when pressed by the judge and plaintiff's attorneys. The law affords parties the latitude to choose their own settlement positions. "A party is not required to change its settlement parameters by reason of a court order to attend a settlement conference." *Negron v. Woodhull Hosp.*, 173 Fed. Appx. 77, 79 n. 1 (2nd Cir. 2006).

Second, Allstate and its counsel should not be sanctioned $1,000 because Allstate's counsel arrived 5 to 10 minutes late to the settlement conference, with a legitimate and reasonable explanation. The small delay, which could not have been reasonably avoided, was not the result of disrespect for the Court or for plaintiff or her counsel, and there is no evidence it caused harm.

Third, Allstate and its counsel should not be sanctioned $1,000 based on undefined deficiencies in Allstate's confidential mediation statement or because Allstate failed to share the confidential statement or its contents with plaintiff's counsel prior to the settlement conference. While a sanction award is discretionary, it cannot be arbitrarily imposed. Allstate's confidential mediation statement generally complied with the Court's pre-settlement conference order and the Court did not define any deficiencies in it prior to issuing its OSC. To the extent either Allstate's or plaintiff's mediation statements did not strictly comply with the Court's pre-settlement conference order, their failure to comply would not have been a basis to fail to appear at the mandatory settlement conference ordered by Judge King. Nor can Allstate be sanctioned for choosing not to disclose its settlement position or its confidential mediation statement to plaintiff's counsel ahead of the court-ordered settlement conference.

Finally, if the Court nonetheless chooses to sanction Allstate or its counsel, they respectfully submit that under the circumstances, a $1,000 sanction is unreasonable and the sanction instead should be no more than $250.

## II. BACKGROUND FACTS

On September 15, 2016, the Honorable George H. King issued an order, requiring the parties to attend an early settlement conference within 30 days before Judge Gandhi. (Badawi decl., ¶4.) Three days earlier, during a scheduling conference in chambers, Judge King had asked if the parties were interested in an early mediation. (*Id.*) Allstate's counsel responded at that time that an early mediation would not be productive because Allstate needed to conduct discovery first because there was no evidence to support plaintiff's claims. (*Id.*) Plaintiff's attorney then stated that Allstate did not need discovery because it could read the allegations of the complaint. (*Id.*) Despite Allstate's counsel's expressed concerns about the lack of any evidence that would support Allstate paying any money to settle the case, and plaintiff's counsel's concession that negotiations would only be based on the allegations in the complaint, the Court ordered the parties to an early settlement conference in front of Judge Gandhi. (*Id.*)

In compliance with Judge King's order, Allstate agreed with plaintiff's counsel that the early settlement conference could be held on September 30, 2016. (Badawi decl., ¶5.) Judge Gandhi thus issued an order setting the early settlement conference for September 30, 2016 and requiring the parties to submit a confidential mediation statement of no more than ten pages to him by September 23, 2016. (*Id.*)

In compliance with Judge Gandhi's September 19, 2016 Order, Allstate's counsel submitted Allstate's confidential mediation statement and described Allstate's position regarding the facts and law, as well as its position that the case had no merit as there was no evidence of bad faith. (Badawi decl., ¶6.) Allstate's counsel did not include information about the history of settlement negotiations between the parties in Allstate's statement because plaintiff had chosen not to keep

her mediation statement confidential; as a result, Allstate's counsel had already seen that plaintiff had communicated the parties' settlement history to the Court and Allstate's counsel did not disagree with the history as stated by plaintiff. (*Id.*) Similarly, Allstate's counsel interpreted the requirement that the mediation statements describe the attorneys' fees and costs expended to date to apply only to plaintiff since Allstate (as the defendant) was not seeking and had no entitlement to fees as damages. (*Id.*) Allstate's counsel believed that Allstate's eight-page confidential mediation statement complied with the Court's order and reasonably communicated Allstate's position. (*Id.*)

In the late afternoon on September 29, the date before the settlement conference, Allstate's counsel was at a mediation at Judicate West when she noticed Judge Gandhi had called her office and left a voicemail message to call him back. (Badawi decl., ¶7.) Allstate's counsel found a break in her mediation to return Judge Gandhi's call from her cell phone, although the public nature of the mediation venue made it difficult for her to communicate with him in the phone call. (*Id.*) In fact, at one point during the call, Allstate's counsel had to return to the mediation room where the mediator was present. Allstate's counsel stepped out again but there were still people around her so she had to be circumspect in discussing the case. (*Id.*) Nevertheless, in the phone call, Allstate's counsel responded to all of the questions Judge Gandhi asked of her. (*Id.*) She informed Judge Gandhi that Plaintiff's medical expenses were actually much less than plaintiff represented to the Court and that Allstate overpaid the claim. (*Id.*) Allstate's counsel stated that she would bring the medical expense records to the early settlement conference with her. Allstate had served discovery by that time, but had not yet received any responses to it or been able to take any of the necessary depositions. (See RT 49:14-21.) The remainder of the call was unrelated to the case. (Badawi decl., ¶7.) In the telephone conversation, Judge Gandhi never mentioned any deficiencies in Allstate's confidential mediation statement and never asked for Allstate's settlement

1  position. (See RT 6:24.) If he had done so, Allstate's counsel would have provided
2  that information to him in the call. (Badawi decl., ¶7.)
3       During the week of September 30, 2016, Allstate's counsel ran her GPS in the
4  mornings around 8:30 a.m. to see how long it would take from her children's school
5  to arrive at the Federal Courthouse in Santa Ana in rush hour traffic. (Badawi Decl.,
6  ¶8.) Every day, for three days, including the morning of the hearing, Allstate's
7  counsel's GPS tracker stated that it would take 55 minutes, give or take a few
8  minutes. (*Id.*) Therefore, Allstate's counsel did not book morning care for her
9  children as she often does as a single mother if she requires additional time to reach
10 a destination. (*Id.*) Allstate's counsel determined that if she left from her children's
11 school for the Court at 8:30 a.m., she would arrive 30 minutes early – a reasonable
12 cushion for unanticipated traffic. (*Id.*)
13      On September 30, 2016, Allstate's counsel dropped her children at school and
14 at exactly 8:30 a.m., started her GPS tracker and started driving south for the
15 hearing. (Badawi decl., ¶8.) However, because of a very long freight train blocking
16 her path, she was stuck for about 30 minutes. Even after the freight train finally
17 passed, the congestion was so bad that traffic did not start moving freely for some
18 time. (*Id.*) Allstate's counsel immediately called her client at approximately 9:00
19 a.m. to let him know that she might be about 5 minutes late and to let the Court
20 know that she was blocked by a train. (*Id.*)
21      As a result of the traffic problem caused by the slow-moving freight train,
22 Allstate's counsel arrived between 5 and 10 minutes late to the courtroom and
23 checked in. (Badawi decl., ¶10.) Approximately 5 to 8 minutes later, Judge Gandhi
24 came out and took the bench and the hearing started (the court reporter's transcript
25 shows she began transcribing the events in open court at 10:18 a.m.). (*Id.*)
26      Judge Gandhi spoke for two minutes on the record before caucusing
27 separately with the parties and their counsel. (See RT 3-4.) In that initial joint
28 session on the record, the Court did not raise the short delay in the start of the early

settlement conference.  (Badawi decl., ¶11.)  Nor did the Court suggest that either of the parties' mediation statements did not comply with his September 19, 2016 Order.  (*Id.*)

Judge Gandhi caucused with plaintiff and her counsel first, from just after 10:20 a.m. until about noon.  (Badawi decl., ¶12.)  Then, at about noon, Judge Gandhi caucused with Allstate and its counsel for about 10-15 minutes.  (*Id.*)  After the caucusing was complete, Judge Gandhi ordered Allstate's counsel into his chambers for a private meeting, during which Allstate's counsel understood that he intended to take punitive measures against her because Allstate had come to the early settlement conference offering only to waive costs.  (*Id.*)  Allstate's counsel was in the private meeting with Judge Gandhi for at least 15-20 minutes.  (*Id.*)  Judge Gandhi then called Allstate's counsel in with plaintiff's counsel for a meeting that lasted about 10-15 minutes.  (*Id.*)  Then Judge Gandhi then called the parties and their counsel to the courtroom for proceedings on the record.  (*Id.*)

Judge Gandhi took the bench and the matter reconvened on the record at 12:55 p.m.  (RT 1, 4.)  After counsel restated their appearances, the Court confirmed the case had not settled, that Allstate's position was that it needed more discovery and that its only offer at the early settlement conference was to waive costs.  (RT 4:19 – 6:25.)  As a consequence, the Court indicated its intent "to issue an order to show cause why Defendant Allstate should not be held for not negotiating in good faith and be sanctioned and Ms. Badawi be sanctioned personally."  (RT 7:1-4.)  The Court allowed Allstate's counsel to be heard, and Allstate's counsel confirmed Allstate's position that without damage documentation Allstate was only willing to offer a waiver of costs to settle the matter.  (Badawi decl., ¶13.)  Allstate's counsel further stated that Allstate would evaluate whether a higher offer was warranted once it obtained damages documentation in discovery (plaintiff would not provide evidentiary support for its position in advance of or at the early settlement conference).  (*Id*.)  After plaintiff's counsel indicated they would not have shown up

1  at the early settlement conference ordered by Judge King if they had known Allstate
2  would not offer more than a waiver of costs to settle plaintiff's claims for which she
3  had not provided evidentiary support of damages, Judge Gandhi stated he further
4  found Allstate's confidential mediation statement did not comply with his
5  September 19 Order, and he based the OSC on that as well. (*See* RT 10:14-20.)
6  Finally, Judge Gandhi stated he was also relying on the fact that Allstate's counsel
7  was between 5 and 10 minutes late to the settlement conference and the settlement
8  conference did not start on the record until 10:18 a.m., refusing to excuse Allstate's
9  counsel's short tardiness despite unavoidable circumstances she could not control,
10 as discussed above. There was no discussion on the record of how Allstate's
11 counsel tardiness, which was not unreasonable under the circumstances, caused any
12 prejudice to plaintiff, her counsel, or the Court. (Badawi decl., ¶13.) Under normal
13 circumstances, most opposing counsel extend professional courtesy in such
14 circumstances, knowing it just as easily could have been them. (*Id.*)

15  The discussion on the record continued from there, with much of the record
16 dedicated to plaintiff's counsel's estimates, without evidentiary backup and not
17 under oath, as to the amount of time they had expended preparing for and attending
18 the settlement conference. (Badawi decl., ¶14.) Despite the fact that both parties
19 were ordered by Judge King to attend the settlement conference, plaintiff's counsel
20 claimed they would not have attended (inferring they would not have incurred the
21 fees) had they known Allstate would only offer a waiver of costs in settlement. (RT
22 7:23 – 8:4.) Judge Gandhi seemed to fault Allstate's counsel for not disclosing
23 Allstate's Confidential Mediation Statement to plaintiff's counsel ahead of the
24 settlement conference. (*See* RT 10:8-20.)

25  Allstate's counsel explained at the hearing on the record and/or in Allstate's
26 mediation statement that Allstate's position was based on the lack of any evidence
27 indicating Allstate had acted unreasonably in settling plaintiff's underinsured
28 motorist claim. (Badawi decl., ¶15.) In the brief, Allstate's counsel explained that

1  (i) plaintiff's contention that she suffered an aneurysm and resulting complications
2  from the subject automobile accident was contradicted by her own treating doctors,
3  as well as by Allstate's independent medical expert, (ii) because of this
4  disagreement over the nature and extent of plaintiff's accident-related injuries,
5  Allstate was required to conduct discovery regarding plaintiff's medical condition in
6  an effort to resolve the dispute, (iii) Allstate's efforts to conduct this discovery were
7  appropriate and reasonably prompt, (iv) plaintiff unreasonably blocked Allstate's
8  statutorily authorized efforts to conduct one or more medical examinations that
9  would shed light on the discrepancies between plaintiff's claims and the opinions of
10 her and Allstate's medical experts, and (v) Allstate ended up resolving the disputes
11 over plaintiff's claimed medical condition in her favor, despite the existence of
12 evidence and expert medical opinion that would have justified resolving those issues
13 against her.  (Badawi decl., ¶15.)  Allstate's counsel further pointed out that plaintiff
14 had provided no discovery or documents to support her claim that she was damaged
15 because Allstate did not settle the underinsured motorist claim until after it had
16 completed its investigation.  (*Id*.)

17    For these reasons, Allstate's counsel explained, Allstate believed that
18 plaintiff's bad faith claim lacked merit and that Allstate had no reasonable
19 justification to settle it for anything other than a waiver of costs.  (Badawi decl.,
20 ¶15.)

21    In response to Allstate's offer, Judge Gandhi *sua sponte* sanctioned Allstate in
22 the amount of $12,500 payable to plaintiff's counsel, and set an OSC re the
23 possibility of $1,000 in additional sanctions against Allstate's counsel and Allstate
24 for not negotiating in good faith by offering a waiver of costs as well as Allstate's
25 counsel's tardiness and the undefined shortcomings of Allstate's mediation brief.

26
27
28

### III. LEGAL DISCUSSION

#### A. Allstate and Its Counsel Should Not Be Sanctioned for Coming to the Settlement Conference with Only a Waiver of Costs and for Not Moving From That Offer

While a court can require parties to appear for a settlement conference and can sanction them for failing to do so, it cannot force a settlement, sanction a party for refusing to make a settlement offer at all, or use "pressure tactics" to coerce a settlement. *See, e.g., Negron v. Woodhull Hosp.*, 173 Fed. Appx. at 79 n. 1 ("a court cannot force litigants to settle an action"); *see also Acquisto v. Manitowoc FSG Operations, LLC*, 2012 WL 4722028, *3 (W.D.N.Y. 2012) ("[A]lthough courts may require parties to participate in mediation, they lack the power to sanction a party for refusing to make a settlement offer."); *A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 382 (S.D.N.Y. 2011) ("It is well-settled that a court cannot force a party to settle, nor may it invoke 'pressure tactics' designed to coerce a settlement." [citation omitted.]); *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir. 1985) (" 'The judge must not compel agreement by arbitrary use of his power and the attorney must not meekly submit to a judge's suggestion, though it be strongly urged.' " [quoting *Brooks v. Great Atlantic & Pacific Tea Co.*, 92 F.2d 794, 796 (9th Cir. 1937)]; *Dawson v. U.S.*, 68 F.3d 886, 897 (5th Cir. 1995) (Court held district court abused its discretion by requiring "making a settlement offer as part of a good-faith effort to settle.").

Allstate and its counsel attended the settlement conference ordered by the Court, and a representative from Allstate was present with adequate authority to settle the case. (*See* RT 46:20 – 47:25.) Based on long-standing law, neither Allstate nor its counsel can be sanctioned for offering only a waiver of costs at the settlement conference and for not moving from that offer.

### B. Allstate and Its Counsel Should Not Be Sanctioned for Counsel's Excusable 5 to 10 Minute Tardiness

Despite significant advance planning and diligent execution of that plan to arrive timely for the settlement conference on September 30, Allstate's counsel ran into a unexpected literal roadblock on her way to the courthouse that morning in the form of a slow-moving (or stopped) freight train. (Badawi decl., ¶¶ 8-10.) Traffic in her necessary route of travel came to a standstill, delaying her trip for more than half an hour. As a result, rather than being 30 minutes early to the conference, as she had planned, Allstate's counsel was 5 to 10 minutes late. (*Id.*) The Court took the bench 5 to 10 minutes after she arrived, and made no mention of the late start or inquired as to the reason for it. (RT 3-4.) The short delay appeared to have been of no consequence to the running of the settlement conference – the sort of thing that opposing counsel in a case regularly dismiss as a professional courtesy. (*Id.*)

For these reasons – the measures Allstate's counsel took to be on time, the unexpected obstruction of the freight train that was outside of her control, the very short delay involved, and the absence of any impact that the short delay had on the almost four hour settlement conference – neither Allstate nor its counsel should be sanctioned because its counsel arrived between 10:05 a.m. and 10:10 a.m. for a 10:00 a.m. settlement conference.

### C. Allstate and Its Counsel Should Not Be Sanctioned for Undisclosed Deficiencies in Its Confidential Mediation Brief or for Not Sharing Its Brief or Settlement Position With Plaintiff's Counsel

After questioning Allstate's good faith participation in the settlement process, due to its failure to offer money to settle and unwillingness to negotiate further, the Court asked plaintiff's counsel whether Allstate provided a copy of its confidential mediation brief to them. (RT 7:1 – 10:13.) When plaintiff's counsel answered "no," the Court stated it "further finds that the brief that was actually submitted by defendant did not comply with the Court order issued on September 19th and what it

1  had required – or ordered." (RT 10:8-17.) The Court indicated that it was electing
2  "at this time not to highlight the particular deficiencies" to protect confidential
3  settlement discussions, but nonetheless found that the undefined deficiencies in
4  Allstate's confidential mediation statement were also "a basis for the Court's
5  O.S.C." (RT 10:14-20.) The Court apparently had not yet analyzed Allstate's
6  mediation statement for deficiencies, because the Court instead asked Allstate's
7  counsel to look again at its settlement conference order and analyze whether
8  Allstate's mediation brief addressed all of the listed items. (RT 14:11-16:5.) When
9  Allstate's counsel got to item "B" on the list – "An itemized statement of the
10 monetary damages claimed and of any other relief sought, including the evidentiary
11 bases for the monetary damages and/or other relief sought" – not surprisingly she
12 answered, "A, yes. B – no, not all of them." (RT 16:5.)

13         Neither Allstate nor its counsel can be sanctioned for failing to address in its
14 mediation brief such matters (as in item B) that were within the *plaintiff's* purview,
15 not the defendant's. Ironically, it is the plaintiff's failure to satisfy this item in her
16 mediation statement ("the evidentiary bases for the monetary damages and/or other
17 relief sought") that was the reason Allstate would not raise its settlement offer above
18 a waiver of costs. (*See, e.g.,* RT 11:15-25.)

19         Allstate did not address other items in the Court's order for similar reasons.
20 Allstate did not include information about the history of settlement negotiations
21 between the parties in its mediation statement because plaintiff's mediation
22 statement, which she chose to disclose to Allstate, communicated the parties'
23 settlement history to the Court and Allstate did not disagree with the history as
24 plaintiff had stated it. (Badawi decl., ¶ 6.) Similarly, Allstate understood the
25 requirement that the mediation statements describe the attorneys' fees and costs
26 expended to date to apply only to plaintiff since Allstate (as the defendant) was not
27 seeking and had no entitlement to fees as damages. (*Id.*)
28

In compliance with the Court's order, Allstate's eight-page Confidential Mediation Statement described Allstate's position regarding the facts and law, as well as Allstate's position that the case had no merit as there was no evidence of bad faith. Accordingly, Allstate should not be sanctioned for any variance between the listed items and its mediation statement.

In any event, to the extent either of the parties' mediation statements did not strictly comply with the Court's pre-settlement conference order, their failure to comply would not have been a basis for either of them to fail to appear at the mandatory settlement conference ordered by Judge King. Nor can Allstate be sanctioned for choosing not to disclose its settlement position or its confidential mediation statement to plaintiff's counsel ahead of the court-ordered settlement conference – it had no duty to do so.

### D. If Sanctions Are Awarded, They Should Be Limited to a Reasonable Amount of $250

As discussed above, sanctions are not appropriate in this case. However, if the Court is disposed to sanction Allstate or its counsel, they respectfully submit that $1,000 is unreasonable under the circumstances and request that the Court limit its sanction to $250.

## IV. CONCLUSION

Allstate respectfully requests that the Court not issue any sanctions at the OSC hearing. However, if the Court is inclined to issue sanctions, Allstate respectfully requests that the sanction be limited to the reasonable amount of $250.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Suzanne Y. Badawi*
SUZANNE Y. BADAWI
Attorneys for Defendant
ALLSTATE INSURANCE COMPANY