SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
PKlee@sheppardmullin.com
501 W. Broadway, 19th Floor
San Diego, California 92101
Telephone: 619.338.6500
Facsimile:  619.234.3815

SUZANNE Y. BADAWI, Cal. Bar No. 194692
sbadawi@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile:  213.620.1398

Attorneys for Defendant Allstate
Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| YVONNE APELIAN, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation; DOES 1 to 50, inclusive,<br><br>　　　　Defendants. | Case No. 2:16-cv-4977 GHK (PLAx)<br><br>The Hon. George H. King<br>Ctrm: 650<br><br>**SUPPLEMENTAL DECLARATION OF SUZANNE Y. BADAWI IN RESPONSE TO OSC WHY ALLSTATE'S COUNSEL AND ALLSTATE SHOULD NOT BE SANCTIONED IN THE AMOUNT OF UP TO $1,000 IN CONNECTION WITH THE SEPTEMBER 30, 2016 EARLY SETTLEMENT CONFERENCE**<br><br>[Action Filed: April 12, 2016] |

I, Suzanne Y. Badawi, declare as follows:

1. I am an attorney admitted to practice in the State of California and am Special Counsel in the law firm of Sheppard Mullin Richter & Hampton LLP, attorneys for defendant Allstate Insurance Company ("Allstate") in this action. I have personal, firsthand knowledge of the following facts.

2. On October 11, 2016, I filed a declaration under an expedited deadline in response to the Court's OSC and would like to clarify and add some points for the Court's consideration.

3. With respect to the September 30, 2016 early settlement conference, the Honorable Jay C. Gandhi, U.S. Magistrate Judge asked me on the spot for my response regarding whether plaintiff's claimed attorneys' fees of $15,000 was reasonable. I was not given time to prepare, or documentation to be able to fully and adequately respond to the issue. (Reporter's Transcript ["RT"] 23:24-24:22 (*See* Docket No. 21).)

4. I also wanted to point out that the Honorable George H. King set two ADR proceedings, the early settlement conference (to be completed within 30 days of the scheduling conference) and a subsequent mediation (to be completed by March 31, 2017). (*See* Docket No. 15.) It was my understanding that the Court set the early settlement conference, before Allstate was able to conduct its needed discovery, to have the parties start the ADR process as a means of exploring the possibility of resolution. I attended the conference in the spirit of that belief, showing up with Allstate's documents and hoping to get plaintiff's damages documents to evaluate the claims and to find out if there was a reasonable basis for plaintiff's claims and a corresponding opportunity to resolve the case. As I previously stated, Allstate appeared at the conference with full authority to settle the case and would have offered more than it did had the plaintiff provided documentation warranting a higher offer. (RT 7:1-14; 46:20-47:25.) To show that Allstate's contention that it needed documentation to support an offer more than the

1 | waiver of costs was made in good faith, Allstate also offered to pay the full cost of a
2 | second mediation if plaintiff did not have the necessary documentation at the time.
3 | (RT 11:15-25.)
4 |     5.    Since filing the response to the OSC and having had more time to
5 | analyze the file records, I have further reflected on the chronology of events. As
6 | stated previously, upon review of plaintiff's confidential settlement statement I was
7 | aware that plaintiff had communicated the parties' settlement history to the Court
8 | and I did not disagree with the history as stated by her. I would like to clarify,
9 | though, that I received her statement after submitting Allstate's.
10 |     6.    It is my understanding that if the Court issues a $1,000 sanction
11 | against me personally, I will be required to report the sanction to the California State
12 | Bar. Because (i) my client and I believe we appeared in good faith at the early
13 | settlement conference, (ii) the Court already sanctioned my client $12,500, (iii) we
14 | provided detailed OSC briefing addressing the Court's specific concerns, and (iv)
15 | the Bar's reporting requirement, I request that the Court reduce any sanction it
16 | awards against me to an amount below $1,000 if the Court is inclined to issue more
17 | sanctions.
18 |     I declare under penalty of perjury under the laws of California and the United
19 | States of America that the foregoing is true and correct.
20 |     Executed this 17th day of October 2016 in Los Angeles, California.

_____
Suzanne Y. Badawi